**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5180**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JOB TAYLOR, a/k/a Raymond Filler, a/k/a Job
Shinel,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(CR-03-934)

———————

Submitted:  September 29, 2006      Decided:  October 30, 2006

———————

Before WILLIAMS, GREGORY, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven M. Hisker, Columbia, South Carolina, for Appellant.  Rose
Mary Parham, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Job Taylor pled guilty to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 851 (2000), and one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2006). As part of the plea agreement, the parties agreed that if Taylor did not earn a motion for downward departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2004), a sentence of 262 months' imprisonment was appropriate. Taylor did not earn a downward departure motion, and the district court sentenced Taylor to 262 months in prison.

Taylor timely appealed. Taylor's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious grounds for appeal, but asserting that the plea hearing failed to comply with all the requirements under Rule 11 of the Federal Rules of Criminal Procedure. Specifically, counsel noted that the district court failed to inform Taylor that, in accordance with his plea agreement, he would receive a 262-month sentence if he failed to earn a § 5K1.1 motion for downward departure. We find no plain error because any failure to comply with Rule 11 did not affect Taylor's substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993); see also United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002) (holding that "plain error analysis is the

proper standard for review of forfeited error in the Rule 11 context").

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Taylor's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>